**FIRST NATIONAL BANK OF VISTA, Appellant,**

v.

**John R. HELLEN, Trustee, Appellee.**

**No. 21872.**

United States Court of Appeals
Ninth Circuit.

March 20, 1968.

James V. Dorman (argued) of Dorman & Dorman, San Diego, Cal., for appellant.

James J. Biggins, Jr., (argued), San Diego, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and STEPHENS, District Judge.

PER CURIAM:

This is an appeal from an order by the district court affirming an order of

a referee in bankruptcy holding invalid an assignment to the First National Bank of Vista (bank).

The underlying proceeding is one in bankruptcy in which the voluntary petitions in bankruptcy of David Junior Whitlow and Frances Charlotte Whitlow were consolidated for disposition. The two were husband and wife but a divorce action was pending at the time the assignment in question was given. The bank filed an asserted perfected secured claim in the amount of $2,028.20, based upon Mr. Whitlow's assignment to the bank of group insurance commissions due him from California-Western States Life Insurance Company for services rendered that company.[1]

The trustee objected to the claim insofar as it was put forth as a secured claim. He contended that the claim was not secured because Whitlow's assignment was of "wages," as that term is defined in Calif. Labor Code, § 200, and the written consent of Mrs. Whitlow had not been attached to the assignment and had, in fact, not been given.[2]

In show cause proceedings then instituted by the referee, the bank took issue with the trustee's objection to the secured character of the claim. The bank argued before the referee that the assignment was not of wages earned but of a security interest in general intangibles, as defined in California Commercial Code, § 9106.

The referee agreed with the trustee, finding, in effect, that Whitlow had been an employee of the insurance company when the commissions were earned, and that the commissions were therefore "wages" within the meaning of Calif. Labor Code, § 200. This led the referee to conclude that the assignment was invalid, under Calif. Labor Code, § 300(b), because Mrs. Whitlow had not consented to the assignment of wages in writing.

As noted above, the referee therefore disallowed the claim as a secured claim and allowed it as an unsecured claim.

The bank petitioned for review in the district court. In that court the principal issue which developed was whether, at the time he earned the commissions, Whitlow was an employee of the insurance company, or an independent contractor. However, the bank then advanced, for the first time, the additional argument that Mrs. Whitlow had waived her rights, under Calif. Labor Code, § 300(b). Additional evidence was taken on the question of Whitlow's status as an employee or an independent contractor but the court declined the bank's offer to produce the testimony of Mrs. Whitlow on the waiver question.

On the basis of the additional evidence and argument the district court affirmed the order of the referee. While the court did not expressly find that Whitlow's relationship to the company was that of an employee rather than an independent contractor, such a finding, as the parties seem to agree on this appeal, is implicit in the court holding that the commissions represented "wages" within the meaning of Calif. Labor Code, § 200.

On this appeal, the principal contention made by the bank is, in effect, that the finding of the referee, concurred in by the district court, that Whitlow was an employee of the insurance company when the commissions were earned, is clearly erroneous.

We have examined the evidence upon which this finding is based and find it adequate to support the finding in question. Our ruling in this respect is limited to the evidence of record in this particular case and is not to be taken as having precedent value in any other case involving bankruptcy or any other problem. Since, under this finding, an employer-employee relationship

---

1. The assignment was given in connection with the bankrupts' indebtedness to the bank on a debt evidenced by a promissory note.

2. Calif.Labor Code, § 300(b) provides that where such an assignment is made by a married person, it shall not be valid unless the written consent of the husband or wife of the person making such assignment is attached to the assignment.

existed, the commissions were necessarily "wages" within the meaning of Calif. Labor Code, § 200.

It follows from this that the assignment was invalid under Calif. Labor Code, § 300(b), because Mrs. Whitlow had not consented in writing to the assignment, unless a contrary result must be reached on the bank's waiver theory raised for the first time in the district court.

We find in the record no substantial evidence tending to show that Mrs. Whitlow, although then living separately from Mr. Whitlow with a divorce action in progress, had waived her rights under section 300(b). Accordingly, we are not in a position to hold that the district court erred in failing to find and conclude that there was such a waiver.[3]

On this appeal, the bank does not contend otherwise. But it does argue that the district court abused its discretion in denying the bank's request to submit, at the district court hearing, the testimony of Mrs. Whitlow on the question of waiver.

■ The record is somewhat confusing as to the reason the district court declined to receive the testimony of Mrs. Whitlow. But, as the bank itself asserts, it appears that the court may have rejected the request on the mistaken ground that Mrs. Whitlow had been present in the proceedings before the referee. Assuming that to be the reason, the district court can hardly be charged with an abuse of discretion when counsel for the bank, apparently aware of this possible misapprehension on the part of the court, did not advise the court that Mrs. Whitlow was not present in the proceedings before the referee. Moreover, the bank made no offer of proof as to what Mrs. Whitlow's testimony would be. It follows that the view that she would have testified in support of the waiver theory is speculative.

Affirmed.

---

3. We express no view as to whether, in any event, such a waiver would overcome the effect of Calif.Labor Code, § 300(b) under which assignments of wages not consented to in writing by the other spouse, are declared invalid.